**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LORA J. GISCHEL** <br> 5747 Alfie Place <br> Columbus, Ohio 43213 <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF REYNOLDSBURG, OHIO** <br> 7232 East Main Street <br> Reynoldsburg, Ohio 43068 <br><br> and <br><br> **STEPHEN M. CICAK** <br> **REYNOLDSBURG CITY AUDITOR** <br> 7232 East Main Street <br> Reynoldsburg, Ohio 43068 <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 2:24-CV-4124 <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

**I. Introduction.**

1. This is an action brought pursuant to Federal and Ohio law, on behalf of Lora J. Gischel ("Ms. Gischel" or "Ms. Gischel"), an employee of the City of Reynoldsburg, alleging violations of 42 U.S.C. § 1983 and the common law of the State of Ohio, against Defendants, City of Reynoldsburg ("Defendant" or "City"), Ohio, Stephen M. Cicak ("Defendant Cicak"), Reynoldsburg City Auditor, and various officials thereof, because as detailed herein, the Defendants: (a) attempted to remove Ms. Gischel from her position and engaged in other acts of retaliation for her exercise of her First and Fourteenth Amendment rights to speak out on matters of public concern, and to petition for the remission of public funds to local school districts which

1

had been unlawfully withheld, after Ms. Gischel spoke out regarding the performance of partisan political activities on City time and the use of taxpayer-funded resources for partisan political activities; (b) deprived Ms. Gischel of due process of law by initiating her termination without providing a pre-removal hearing, reducing her in her position by improperly classifying her, removing a significant portion of her job duties, and affirmatively misleading other City officials as to her job performance; and (c) placed Ms. Gischel in a false light.

**II.     JURISDICTION & VENUE.**

2.     This Court has jurisdiction over this action by virtue of 28 U.S.C. Secs. 1331 (federal question) and 1343 (civil rights) and because it involves claims brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000e and the Constitution of the United States.

3.     Declaratory, equitable, and injunctive relief is sought pursuant to sought pursuant to 28 U.S.C. Secs. 2201; 2202.

4.     This Court has supplemental jurisdiction over claims brought pursuant to the common law of the State of Ohio.

5.     Venue is proper under Fed. R. Civ. P. 3, as Defendants, City of Reynoldsburg, Ohio and Stephen Cicak, Reynoldsburg City Auditor, are entities or officials doing business within the City of Reynoldsburg, County of Franklin, State of Ohio, some or all of the individual defendants reside within the County of Franklin, State of Ohio, and all are doing or have done business therein, and the unlawful and/or torts complained of herein were committed within the County of Franklin, State of Ohio.

**III.    PARTIES.**

6.     Ms. Gischel, Lora J. Gischel, is a female and a citizen of the United States and a resident of Franklin County, State of Ohio, and was an employee as defined in 42 U.S.C. Sec.

2000e(f) and 4112.01(A)(3) at all times material herein.

7. Defendant City of Reynoldsburg is a political subdivision of the State of Ohio pursuant to Chapter 2744, Ohio Revised Code; and is an "employer" under 42 U.S.C. Sec. 2000e(b) and 4112.01(A)(2).

6. Defendant Stephen M. Cicak, Reynoldsburg City Auditor, is an "employer" under 42 U.S.C. Sec. 2000e(b) and O.R.C. Sec. 4112.01(A)(2); he is a city auditor statutorily charged with the duties of keeping the books of the city and exhibiting accurate statements of all moneys received and expended, of all property owned by the city and the income derived therefrom, and of all taxes and assessments. R.C. Sec. 733.11; City Charter Sec. 6.02(d).

## IV. CLAIMS/CAUSES OF ACTION

### Factual Background

7. Ms. Gischel reallege the foregoing paragraphs as if fully rewritten herein.

8. Ms. Gischel has been employed by the City of Reynoldsburg since May 10, 2021, when she was appointed to the civil service position, City Income Tax Administrator, in which she is still classified; City Income Tax Administrator is a position within the classified civil service of the City of Reynoldsburg pursuant to Section 6.02 of the Charter of the City of Reynoldsburg.

9. Defendant, the City of Reynoldsburg, Ohio (hereinafter, "the City"), is a municipal corporation and a political subdivision within the State of Ohio, which employs the Ms. Gischel and all of the individual defendants. The City is governed by a City Charter, duly approved by the City's voters and effective June 5, 1979, as well as by the constitution and laws of the State of Ohio and duly adopted City ordinances.

10. The City Auditor is the chief fiscal officer of the City of Reynoldsburg and is required to perform the powers, duties and functions now or hereafter given to City Auditors and

Treasurers under the general laws of Ohio to the extent those laws are not in conflict with the Charter of the City of Reynoldsburg.

11. The City Auditor is the appointing authority for his department with the power to appoint, promote, remove, suspend or otherwise discipline officers and employees within his department and office subject to the provisions of Section 7.03 of the Reynoldsburg City Charter.

12. Defendant Cicak was the City Auditor when Ms. Gischel became employed; he was re-elected to a four-year term in November 2021.

13. When Ms. Gischel began employment with the City in May 2021, she was assigned duties related to payroll and bank reconciliations.

14. As of May 10, 2021, Ms. Gischel's duties as Tax Administrator also included, but were not limited to, the following actual duties performed: Direct and manage the functions, operations, activities, and resources of the Department of Taxation; Serve as the designated subject matter expert on city income tax for the City, Regional Income Tax Agency (RITA), Etna-Reynoldsburg Joint Economic Development Districts (JEDDs), and the State of Ohio; Interpret, administer, and enforce City Tax Ordinances, City Tax Agreement/Contracts (JEDD, Enterprise Zone, etc.), Federal Tax Code and the /Ohio Revised Code; Manage third-party service contracts and agreements effectively (i.e. RITA, JEDDs, and other city agreements); Establish policy, procedures and regulations for the income tax department and the JEDDs; Monitor legislative developments; monitor, research, and analyze and present tax data; drafting legislation and attending council meetings; Provide leadership, direction, and guidance to the public and internal and external customers on City's tax requirements, revenue, expenses, and budgets; Maintain and secure tax records confidentially; Prepare/audit municipal tax reports and forms for the city and JEDDs; Resolve various tax discrepancies, disputes and questions; final authority on

4

penalty/interest abatements; reaches final tax case determination and present's City's position to the Tax Board of Review; Audit/reconcile tax receipts received from RITA and the State of Ohio; Communicate and collaborate regularly with RITA on tax accounts, revenue, and services; Establish policies, procedures, and reporting, and then direct collection of income tax, policies, procedures, reporting, distribution and closure for any designated, specialized tax districts/zones as contractually obligated by the city (i.e. JEDDs, E-Zones); Coordinate any Board of Review and/or legal action with appropriate parties and represent the City as necessary; Prepare reports to summarize and forecast tax receipts; Develop and prepare Tax Department's annual budget; monitors and manages Department's operating expenditures; balances city and JEDD tax revenue with the General Ledger; Certify the City and Joint Economic Development District (1-4 & 7) municipal income tax rates with the State of Ohio; Certify the City and JEDD income tax collections, by account type (individual, withholding, and net profit), with the State of Ohio; Presents quarterly to the Board of Trustees the tax receipts; Prepare data and actively participate in legislative process, and influence state policy regarding municipal income tax; Develop, assist in the development, and support during review and/or audit the Internal and External tax and financial reports including footnotes and disclosures under to financial best-practice guidelines specific to government entities; Responsible for all Purchase Orders and payments for Tax Department; Maintain records according to public record retention laws; Prepare quarterly and annual payroll reports (i.e. 941, state, local reporting); Serve as back up to payroll processing, as necessary; Assist with W 2 and 1099 Forms; Reconcile and audit daily receipts; Assist Finance Manager with monthly/year end closing process as needed (i.e. bank/revenue reconciliations, accounting entries, statistical reports, annual audit); Maintain the City's real estate tax records and apply for exemptions; Establish new bank accounts for utility payments; Attend professional and

tax organization meetings and training; complete continuing education requirements in accordance with Ohio Revised Code; and General Office Duties (i.e. correspondence; filing; customer service).

15. In September 2021 Defendant Cicak told Ms. Gischel that he had prepared a request for a wage increase for her, however, he did not immediately follow through on this commitment; Subsequently, the increase was not issued until November 2021.

16. Effective November 2021, and thereafter to the present, Ms. Gischel's duties as Tax Administrator included all of the aforementioned duties listed above in Paragraphs Thirteen (13) and Fourteen (14), and during this time period also included, but was not limited to, the following additional duties: Represent City on all JED District Boards; serve as Treasurer and Secretary to these boards; Act as Fiscal Officer/Treasurer to the JEDD Boards (1-4 & 7); responsible for all fiscal matters of the Districts including but not limited to, preparing annual budgets, appropriations resolutions, all fiscal reports, paying expenses, receiving, safekeeping and investing of funds of the District and maintaining accurate accounts of all receipts and expenditures; (See Exhibit D); Presents quarterly to the Board of Trustees the distributions, expenses, appropriations, and annual budget; Reconcile monthly JEDD bank statements (ten accounts) and financial statements; serve as primary contact; Serve as Secretary to the five JEDD boards; maintain records, correspondence and board minutes, provide written notice as required by law of all meetings, and assist with public record requests.

17. On or about July 12, 2022, Mr. Cicak proposed changes in the position description for Auditor Secretary Carrie Schele and additional staff for the Finance department in the Auditor's Office, via an email to Sandra Boller, wherein he stated: "…Joni has the additions and minor changes for this job description and will work with you to hire an additional full time finance staff

6

associate in 2023."

18. Subsequently, in September 2022, and continuing thereafter, Mr. Cicak proposed changes in Ms. Gischel's duties without notice to Ms. Gischel and without her consent.

19. On or about September 30, 2022, Ms. Gischel reported what she believed to be "unethical behavior by an elected official" on the part of Auditor Cicak.

20. On or about October 6, 2022, Mr. Cicak, without notice to and without the knowledge of Ms. Gischel, attempted to remove her from her classified civil service employment without cause by directing Human Resources Director Sandra Boller to "…terminate the employment of Lori Gischel effective today…[and] have Lori met, advised and escorted from the building with her personal property upon her arrival… [and deprived of access to] RITA systems in the name of the City."

21. Subsequently, on November 3, 2022, Ms. Gischel learned of the Defendant Cicak's attempt to remove her from her employment as set forth above in Paragraph 19.

22. In November 2022, Mr. Cicak proposed further changes in my duties.

23. On November 28, 2022, Human Resources Director Sandra Boller sent a memorandum to Mr. Cicak indicating that "…in reviewing the Tax Administrator job description information… and the general tax administrator duties along with the other duties that have been added to this position, it does have merit to increase the grade of the position to a recommended 19."

24. Subsequently, in January 2023, Mr. Cicak planned further changes to Ms. Gischel's job description.

25. On or about February and/or March 2023, Mr. Cicak attempted to remove significant duties from Ms. Gischel, which she had been performing, through pitches to the Mayor

and Human Resources Administrator Sandra Boller without notice to or consent by Ms. Gischel.

26. On or about April 24, 2023, Auditor Cicak indicated in an email that several significant duties performed by Ms. Gischel would be transferred to Keonna White without notice to or consent of Ms. Gischel.

27. The reassignment of Ms. Gischel's duties constituted a reduction in her duties.

28. Ms. Gischel has never been disciplined or counseled for her conduct or performance during her employment with the City.

29. In 2021 and 2022, Ms. Gischel was awarded performance-based salary increases.

30. Ms. Gischel has achieved certificates for continuing education in government accounting, budgeting and financing, financial report preparation, cybersecurity, investments, and ethics, as required for local government treasurers by the Ohio Auditor of State under R.C. Sec. 733.81.

31. Ms. Gischel is currently paid at the hourly rate of $45.89, for an annual salary of $95,460.

32. Ms. Gischel's compensation is below salary and pay ranges for similar, comparable classifications ranges for similar positions in other public agencies in the Central Ohio area, such as the City of Dublin and the City of Westerville when her duties, education and experience are considered.

33. As a direct and proximate cause of Defendants' continuing unlawful actions, Ms. Gischel has suffered damages, including but not limited to: Loss of wages; Loss of pension benefits; Loss of insurance benefits; Loss of other fringe benefits; Loss of the opportunity to be able to continue the gainful employ in which she was engaged for the prior years; Loss of future earnings and front-pay; Loss of reputation; Humiliation, embarrassment, and loss of self-esteem;

8

Adverse health effects; Unequal pay on the basis of her gender; and Loss of time and money in endeavoring to protect herself from Defendants' continuing unlawful retaliation, including costs and reasonable attorneys' fees of this action.

### Count I
### 42 U.S.C. § 1983
### (Violation of the First and Fourteenth Amendments)

**A.  Unlawful retaliation for protected speech and petition for the redress of grievances in violation of the First & Fourteenth Amendments to the Constitution of the United States.**

34. The allegations of the foregoing paragraphs are incorporated by reference as if fully restated herein.

35. This claim is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States.

36. During her employment Ms. Gischel complained that Defendant Cicak improperly and unlawfully engaged in the performance of partisan political activities while working for the City and using City resources; that he further authorized his subordinate employees to engage in partisan political activities in support of his November 2021 reelection campaign; and that he attempted to conceal those partisan political campaign activities that he performed individually while at work.

37. During her employment, Ms. Gischel further complained that Defendant Cicak improperly and unlawfully failed to administer multiple Joint Economic Development District ("JEDD") agreements between Defendant City and other government entities, including failing to remit money owed, failing to collect money due to the City, requiring Ms. Gischel to disclose confidential tax return information of contractors and employees, incorrectly reporting and overstating JEDD collection amounts, and redirecting fault for these alleged failures to other

individuals; and that Defendant, as the ultimate authority responsible for signing off on distributions under these JEDD agreements, was derelict in his duties under the law.

38. Defendant Cicak retaliated against Ms. Gischel by directing her removal and failing to provide her with the required due process for terminating a civil service employee; after his efforts to terminate Ms. Gischel failed, Defendant Cicak undermined Ms. Gischel's ability to perform her job, damaged her reputation, and retaliated against her by demanding her discipline and/or termination following the commencement of a bogus investigation.

39. Ms. Gischel's communications with the State Auditor, the Ohio Ethics Commission, the Reynoldsburg City Council, the Reynoldsburg Human Resources Director, Sandra Boller, and the Reynoldsburg Civil Service Commission regarding the aforementioned allegations of improper and unlawful acts and omissions, constituted non-disruptive speech and/or communications on matters of public concern protected by the First Amendment to the Constitution of the United States.

40. As described above, the Defendants, City of Reynoldsburg, and Cicak, retaliated against Ms. Gischel for said protected speech and/or communications, access and petition, by denying her equal pay, reducing her duties, criticizing her performance, making disparaging comments about her competence and character, and attempting to remove her from her position.

41. Said actions were sufficient to deter a person of ordinary firmness from the exercise of his or her First Amendment rights.

42. The Defendants, the City of Reynoldsburg, and Cicak, acted with malice and ill will towards Ms. Gischel, and without regard for her legal rights. The Defendants acted pursuant to certain customs and policies of the City of Reynoldsburg that employees who exercised their

First Amendment rights to criticize and/or embarrass the City administration and/or City officials would suffer retaliation.

43. As a direct and proximate result of the wrongful actions of the Defendants that have occurred since the settlement of the first federal action, as set forth above, Ms. Gischel has suffered loss of pay and benefits appertaining to her position as Income Tax Administrator for the City's Department of Community Development, loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects, loss of time and money, and the expenditure of attorney fees and costs in endeavoring to protect himself from Defendants' unlawful retaliation, including but not limited to attorney fees and costs expended in her appeal to the Commission, and the costs and reasonable attorney fees of this action.

**B. Deprivation of due process rights to pre-deprivation notice and opportunity to respond in violation of the Due Process Clause of the Fourteenth Amendment.**

43. The allegations of the foregoing paragraphs are incorporated by reference as if fully restated herein.

44. This claim is brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendments to the Constitution of the United States.

45. Ms. Gischel had a property right in her employment not to be suspended, reduced in pay or position, or discharged, except for the reasons stated in O.R.C. § 124.34.

46. The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States entitled Ms. Gischel to notice of the charges against her and a meaningful opportunity to respond that was not a sham, prior to her discharge from or discipline during employment.

47. Ms. Gischel was never provided notice of the charges or, even knowledge of Defendant Cicak's attempted termination of her employment and/or an opportunity to respond, until November 3, 2022, when her attorney obtained public records pursuant to a request under O.R.C. Sec. 149.43.

48. The Defendants, the City of Reynoldsburg, and Stephen M. Cicak, acted with malice and ill will towards Ms. Gischel, and without regard for her legal rights.  The Defendants acted pursuant to certain customs and policies of the City of Reynoldsburg.

49. As a direct and proximate result of the wrongful actions of the Defendants that have occurred since November 3, 2022, as set forth above, Ms. Gischel has suffered loss of pay and benefits appertaining to her position as Income Tax Administrator for the City Auditor's Office, loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects, loss of time and money, and the expenditure of attorney fees and costs in endeavoring to protect himself from Defendants' deprivations of her due process rights, including but not limited to attorney fees and costs expended in her appeal to the Commission, and the costs and reasonable attorney fees of this action.

50. Defendants' conduct in an ongoing violation of the First and Fourteenth Amendments of the Constitution, and Ms. Gischel is entitled to judgment pursuant to 42 U.S.C. Sec. 1983.

## Count II
## PLACEMENT IN FALSE LIGHT (Ohio Common Law)

51. The allegations of the foregoing paragraphs are incorporated by reference as if fully restated herein.

52. This claim is brought pursuant to the common law of the State of Ohio.

53. The Defendants, City of Reynoldsburg, Cicak and/or their agents, owed Ms. Gischel a duty of care to avoid injury to her reputation and/or property interest and to refrain from invading her privacy.

54. The statements by Defendants, City of Reynoldsburg, Cicak and/or their agents, made since Ms. Gischel's complaints of wrongdoing and assertion of her legal rights to nondiscriminatory treatment, pay and working environment, which indicate or imply that Ms. Gischel's job performance was deficient, or that she was simply emotional, aggressive, or a "hysterical woman", were known at the time to be false or defamatory, or were made in reckless disregard of their truth or falsity. Such statements placed Ms. Gischel in a false light or position so as to justify her in the eyes of the community in feeling seriously offended and aggrieved caused by such false and defamatory statements.

55. As a direct and proximate result of these wrongful actions of the Defendants, City of Reynoldsburg, Cicak, Defendants' agents, Begeny and Shook, Ms. Gischel has suffered loss of reputation, humiliation, embarrassment, loss of self-esteem, adverse health effects, loss of time and money, and the expenditure of attorney fees and costs in endeavoring to protect himself from Defendants' deprivations of her due process rights, including but not limited to attorney fees and costs expended in her appeal to the Commission, and the costs and reasonable attorney fees of this action.

## V. PRAYER FOR RELIEF.

**WHEREFORE,** Ms. Gischel respectfully prays that this Court:

A. Issue a declaratory judgment that the acts, conduct and practices of Defendants complained of herein violated the rights of Ms. Gischel under 42 U.S.C. § 1983 and the common law of the State of Ohio;

13

B. Order Defendants to make Ms. Gischel whole by increasing her salary to market based on the duties and responsibilities performed with appropriate cost of living, and raise increases, providing restoration of back pay with full benefits, and reimbursement for lost pension and other benefits and expenses, as described herein, in an amount to be shown at trial;

C. Award Ms. Gischel punitive and compensatory damages, including but not limited to her legal expenses in contesting her reclassification, her reduction in duties by the Defendants, City of Reynoldsburg, Stephen M. Cicak, Reynoldsburg City Auditor and/or his agents, and damage to her reputation, and the current litigation in an amount to be shown at trial;

D. Grant to Ms. Gischel her attorneys' fees, costs and expenses of this litigation, including all pre-litigation work and efforts;

E. Grant the Ms. Gischel such further and additional relief to which the Ms. Gischel may be entitled in law or equity.

Respectfully Submitted,

*s/Laren E. Knoll*
LAREN E. KNOLL (0070594)
The Knoll Law Firm LLC
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Phone: 614-372-8890
Facsimile: 614-452-4850
Email: lknoll@knolllaw.com

*s/Michael A. Moses*
MICHAEL A. MOSES (0025243)
Moses Law Offices, L.L.C.
136 W. Mound Street, Suite 100
Columbus, Ohio 43215
Phone: (614) 224-7294
Fax: (614) 542-0230
Email: michaelmoses@moseslawllc.com

*Attorneys for Ms. Gischel*

## **JURY DEMAND**

Ms. Gischel requests a trial by a jury on all issues set forth herein.

                                                  Respectfully Submitted,

                                                  *s/Laren E. Knoll*
                                                  LAREN E. KNOLL (0070594)
                                                  The Knoll Law Firm LLC
                                                  *Attorney for Plaintiff Lora J. Gischel*