IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LORA J. GISCHEL,**

    **Plaintiff,**

   v.                                      **Civil Action 2:24-cv-4124**
                                                **Judge Algenon L. Marbley**
                                                **Magistrate Judge Kimberly A. Jolson**

**CITY OF REYNOLDSBURG,**
**OHIO, et al.,**

    **Defendants,**

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 14). For the following reasons, the Motion is **GRANTED**. The Clerk is **DIRECTED** to detach Plaintiff's First Amended Complaint (Doc. 14-2), and file it separately on the docket. Defendants are **ORDERED** to answer or otherwise respond to the First Amended Complaint **by April 15, 2025**. If Defendants file a responsive dispositive motion, Plaintiff's response is due **within ten (10) days of the motion being filed**. Any reply is due **seven (7) days thereafter**.

**I.    BACKGROUND**

As this case currently stands, Plaintiff Lora Gischel alleges that Defendants the City of Reynoldsburg, Ohio and Stephen M. Cicak violated her First and Fourteenth Amendment rights and placed her in a false light in violation of Ohio common law when they retaliated against her and initiated her termination from her civil service position. (*See generally* Doc. 1).

Previously, Defendant filed a motion to dismiss the original complaint. (Doc. 7). Instead of filing a response to that motion, Plaintiff filed a motion for extension of time. (Doc. 11). She asked the Court to extend her deadline to respond to the motion to dismiss to track with her

deadline to file a motion to amend, which was February 28, 2025. (*Id.*; *see also* Doc. 10 (scheduling order)). To justify her request, Plaintiff averred that she intended to amend her complaint with claims under Title VII and the Ohio Revised Code Chapter 4112 when she received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC")—a letter she requested the day before she filed the motion. (Doc. 11 at 3). The Court granted the motion but warned Plaintiff that it would not stall this case for an indefinite amount of time while Plaintiff waits for a letter she only recently requested. (Doc. 13 at 2).

On February 28, Plaintiff filed this motion, seeking to amend her complaint. (Doc. 14). The Court expedited briefing. (Docs. 15, 17). The Court also required the parties to provide an update on discovery. (Doc. 19; *see also* Doc. 20 (joint status report stating the parties conferred on a discovery plan moving forward)). Plaintiff's Motion to Amend is ripe for review. (Docs. 16, 18).

**II.     STANDARD**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III. DISCUSSION**

Plaintiff's Motion argues that the Court should grant her leave to amend under the liberal amendment policy of Rule 15. (Doc. 14 at 3–4). Notably, though, Plaintiff still has not received her right to sue letter from the EEOC. (Doc. 14 at 3). So, the proposed amendment does not include claims under Title VII or the Ohio Revised Code Chapter 4112. (*See* Doc. 14-2 (proposed amended complaint)). Rather, it "adds and/or clarifies" the allegations in her original complaint. (Doc. 18 at 3). Plaintiff says that she still "intends to file a Second Amended Complaint upon receipt of the Right to Sue Letter." (Doc. 14 at 3). And she blames the delay alternatively on the "mass layoffs to the [Department of Justice]"; the "slow, painstaking procedure for obtaining a notice of right to sue" as a result of the 2021 Ohio Employment Law Uniformity Act; and "the implementation of electronic filing of charges." (Doc. 14 at 3; Doc. 18 at 6–7).

Defendants oppose the Motion. (Doc. 16). They argue that Plaintiff's amendment is an attempt to skirt the Court's scheduling order and stall this case. (*Id.* at 1–2). As such, they name the First Amended Complaint merely a "placeholder" and a "backdoor request for another extension of time." (*Id.* at 2). Additionally, they argue that her proposed amendment would be futile because it does not cure the legal deficiencies raised in the pending motion to dismiss. (*Id.* at 2–5 (alleging that the amended complaint does not cure deficiencies related to vicarious liability, qualified immunity, ripeness, and the statute of limitations for her Section 1983 claims; or the pleading requirements for her state law claim)). And the amendment "perpetuates delay and creates prejudice." (*Id.* at 5–7). Defendants ask that that Court deny Plaintiff's motion for leave to amend and order her to respond to the pending motion to dismiss. (*Id.*).

The Court agrees with Defendants that the sequence of events leading up to Plaintiff's Motion, when considered with the Court's previous order, is suspect. (*See* Doc. 16-1 (Plaintiff's

3

counsel's email sent on February 24 asking Defendant to agree to an extension of time to file the amended complaint)).  Ultimately, though, the Federal Rules favor granting leave to amend to cure pleading deficiencies.  And at this stage, the Undersigned must determine only "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, No. 2:14-cv-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015); *see also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (discussing that courts will not "ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous").  On its face, Plaintiff's amended complaint clears this low hurdle.  Further evaluating Defendants' arguments would require the Undersigned to address the merits of Plaintiffs' claims.  *Moraine Prop., LLC v. Ethyl Corp.*, No. 3:07-cv-229, 2009 WL 10679543, at *1 (S.D. Ohio June 22, 2009) (noting procedural complications that arise when parties raise futility arguments for a magistrate judge's ruling).  The better course is to permit amendment and allow Plaintiff's claims to be tested on dispositive motions before the District Judge.  *Bear*, 2015 WL 1954451, at *3 (saying "it is the better exercise of discretion to permit the amendment" and allow the parties to brief motions to dismiss); *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (noting the Court "has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed").

    The Court now turns to Defendants' arguments about prejudice and delay.  Essentially, they contend that because Plaintiff insists that she will amend her complaint again, allowing her to amend now wastes time and resources on discovery.  But this argument is better considered if or when Plaintiff brings another motion to amend.  As it stands, the parties would be required to engage in discovery on substantially similar claims whether or not the Court granted Plaintiff leave

4

to amend.  (*Compare* Doc. 1 *with* Doc. 14-2).  And, ultimately, Defendants' concerns about delay can be addressed with expedited briefing on any motion filed in response to the amended complaint.

Accordingly, the Court **GRANTS** Plaintiff's Motion (Doc. 14).  The Clerk is **DIRECTED** to detach Plaintiff's First Amended Complaint (Doc. 14-2), and file it separately on the docket.  Defendants are **ORDERED** to answer or otherwise respond to the First Amended Complaint **by April 15, 2025**.  If Defendants file a responsive dispositive motion, Plaintiff's response is due **within ten (10) days of the motion being filed**.  Any reply is due **seven (7) days thereafter**.  Plaintiff in particular is **WARNED** that barring extenuating circumstances, the Court will not extend these deadlines.

Additionally, the Court declines at this time to decide whether Plaintiff may file a second amended complaint.  Plaintiff's deadline under the scheduling order to file motions to amend has passed.  (Doc. 10 (setting the deadline to February 28, 2025)).  As such, any future motion for leave to amend must meet the bars contemplated in both Federal Rule of Civil Procedure 15 and 16.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14) is **GRANTED**.  The Clerk is **DIRECTED** to detach Plaintiff's First Amended Complaint (Doc. 14-2), and file it separately on the docket.  Defendants are **ORDERED** to answer or otherwise respond to the First Amended Complaint **by April 15, 2025**.  If Defendants file a

5

responsive dispositive motion, Plaintiff's response is due **within ten (10) days of the motion being filed**.  Any reply is due **seven (7) days thereafter**.

        IT IS SO ORDERED.

Date:  April 1, 2025　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE