IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lora J. Gischel, | : |
|     Plaintiff, | : Case No. 2:24-cv-4124 |
| v. | : Judge Algenon L. Marbley |
| City of Reynoldsburg, Ohio, et al. | : Magistrate Judge Kimberly A. Jolson |
|     Defendants. | : |

## Defendants' Motion to Dismiss Amended Complaint

Defendants the City of Reynoldsburg, Ohio ("City") and Stephen Cicak, Reynoldsburg City Auditor ("Auditor Cicak," or "Defendants") respectfully move to dismiss Gischel's Amended Complaint (ECF No. 23) and to dismiss the City as a defendant. Gischel has not brought a viable claim against the City, because the City is not vicariously liable under 42 U.S.C. §1983 for its employee's actions. Moreover, Count I fails because:

a) Gischel's alleged "speech" in the course of her employment as a public employee is not protected speech under the First Amendment;

b) Gischel was not deprived of any property right, as she was not terminated *and* received pay raises during the relevant period; and,

c) because the §1983 claim is time-barred under its two-year statute of limitations.

Further, Count II fails because Gischel fails to allege the publicity element of a false light claim. A memorandum in support follows below.

Respectfully submitted,

*/s/ Christopher W. Tackett*
Christopher W. Tackett (0087776)
Gary S. Batke (0030329)
**Bailey Cavalieri LLC**
10 West Broad Street, Suite 2100
Columbus, Ohio 43215

Tel: (614) 229-3286
Fax: (614) 221-3155
Email: ctackett@baileycav.com
gbatke@baileycav.com

*Counsel for Defendants Stephen M. Cicak, City Auditor and City of Reynoldsburg, Ohio*

**MEMORANDUM IN SUPPORT**

I. **Introduction and Background**

Gischel alleges the City and Auditor Cicak violated her constitutional rights and placed her in a false light. Gischel began working for the City in May 2021, handling payroll and bank reconciliations. (Compl.[1] ¶¶8, 13.) Auditor Cicak was already the City Auditor when Gischel began her employment. (*Id*. at ¶12.) Gischel alleges that she reported what she believed to be "unethical behavior" by Auditor Cicak on September 30, 2022. (*Id*. at ¶19.) Gischel admits she made this report as part of her employment. (*Id*. at ¶¶19, 21.) Gischel alleges that in October 2022 Auditor Cicak requested that Gischel be terminated from her employment, but he did not actually terminate Gischel's employment. (*Id*. at ¶23.) Yet, Gischel pleads that she was not terminated and, that throughout her employment, Gischel received pay raises. (*Id*. at ¶¶32.) Gischel currently makes an annual salary of $95,460. (*Id*. at ¶34.)

In her Complaint and Amended Complaint, Gischel alleges that the City and Auditor Cicak retaliated against her and violated her First Amendment rights under 42 U.S.C. §1983. As an initial matter, Gischel does not allege a valid §1983 claim against the City, because the City is not vicariously liable for its employee's actions. Even so, Gischel does not allege a valid claim against Auditor Cicak because Gischel's alleged First Amendment violation is

---

[1] "Compl." refers to the controlling pleading, Plaintiff Gischel's First Amended Complaint (ECF. No. 23).

based on speech made as a public employee, so her First Amendment rights were narrower such that the vaguely-pled speech was not protected speech. Gischel also alleges that Auditor Cicak's attempt to terminate her violated her procedural due process rights. But, because Gischel was never terminated, there was no triggering event to require pre-termination notice or a hearing. And, because Gischel was never terminated, Count I does not present an actual, justiciable controversy. Furthermore, Count I is also time-barred under the applicable statute of limitations.

Finally, Gischel alleges that the City and Auditor Cicak placed Gischel in a false light. Yet, Gischel fails to plead any valid claim for false light since she fails to allege the publicity element. Thus, Count II also fails. For these reasons and as explained below, the Complaint must be dismissed.

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief may be granted. The focus of Fed. R. Civ. P. 12(b)(6) is directed only to the contents of the complaint. *Clark v. Walt Disney Co.,* 642 F. Supp. 2d 775, 778 (S.D. Ohio 2009) (citing *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983)). To survive a motion to dismiss, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F. 2d 434, 436 (6th Cir. 1988).

Legal conclusions must be supported by factual allegations, and the factual allegations must show more than a mere possibility that each defendant acted unlawfully. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-1950 (2009). Thus, "a plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that

the defendant violated the law. Instead, the sufficiency of a complaint turns on its 'factual content,' requiring the plaintiff to plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. 662 (2009)).

### III. Argument

#### A. Gischel Does Not Raise a Valid Claim Against the City.

It is well-established that "[a] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. Only where the action of the municipality reflects a 'deliberate' or 'conscious' choice by a municipality, i.e., a 'policy,' can a city be liable for such a failure under § 1983." *Brown v. Ohio*, No. 1:23-cv-183, 2024 U.S. Dist. LEXIS 29477, *20 (S.D. Ohio Feb. 21, 2024). In *Brown*, the Court found the plaintiff did not allege that the city engaged in any unconstitutional policy or caused the plaintiff any harm, and the city was properly dismissed. *Id*. Moreover, "municipalities cannot be held vicariously liable for their employees' actions under § 1983." *Waddell v. Lewis*, No. 1:22-cv-635, 2024 U.S. Dist. LEXIS 43620, *6 (S.D. Ohio March 12, 2024) (quoting *Monell v. Dep't of Soc. Sews.*, 436 U.S. 658, 691-94 (1978)). For a §1983 claim against a municipality to survive a motion to dismiss, "'a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) *that a municipality's policy or custom caused that violation to happen*.'" *Hall v. City of Cleveland*, No. 1:15-CV-797, 2015 U.S. Dist. LEXIS 149700, *6 (N.D. Ohio Nov. 4, 2015) (quoting *Bright v. Gallia County, Ohio*, 753 F.3d 639, 660 (6th Cir. 2014)) (emphasis added).

Here, the Complaint does not include a single allegation claiming the City engaged in any unconstitutional policy or caused Gischel any harm. Indeed, the Complaint's references

3

to the City are all tied to Auditor Cicak's actions. (Compl. ¶¶23, 26-29.) Gischel alleges that Auditor Cicak engaged in "what she reasonably believed to be 'unethical behavior by an elected official'" while working for the City and using City resources. (*Id.* at ¶19.) This is insufficient to support a claim against the City because the City is not vicariously liable for Auditor Cicak's alleged actions. *Waddell*, 2024 U.S. Dist. LEXIS 43620, *6. Because the Complaint does not allege the City engaged in any unconstitutional policy that caused an alleged violation of Gischel's rights, the City must be dismissed as a Defendant.

### B. Gischel's Claims Against Auditor Cicak are Barred by Qualified Immunity.

"Qualified immunity 'shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sexton v. Cernuto*, 18 F.4th 177, 184 (6th Cir. 2021) (quoting *Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir. 2006)). The qualified immunity analysis has two parts. First, the Court must "ask whether '[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, "[t]he court must also evaluate 'whether the right was clearly established.'" *Id.*

The Court may consider qualified immunity at the motion to dismiss stage. *Fisher v. City of Columbus*, No. 2:24-cv-150, 2024 U.S. Dist. LEXIS 224190, *14 (S.D. Ohio Dec. 11, 2024). To show qualified immunity, "[a] defendant bears the initial burden of asserting that he or she is entitled to the protections of qualified immunity, then the burden shifts to the plaintiff to prove that the defendant is not entitled to qualified immunity." *Id.* at *14-15. Thus, "[a]t the motion to dismiss stage, this means that a plaintiff must plausibly allege facts showing '(1) that the official violated a statutory or constitutional right, and (2) that the right

was clearly established at the time of the challenged conduct.'" *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 763 (6th Cir. 2024) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

A procedural due process violation occurs when the plaintiff shows (1) a "'life, liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment,' (2) that [s]he was 'deprived of this protected interest within the meaning of the Due Process Clause,' and (3) that [s]he was not afforded 'adequate procedural rights' prior to the deprivation of this protected interest." *Parsai v. Univ. of Toledo*, 2024 U.S. Dist. LEXIS 178092, *12 (N.D. Ohio Sept. 30, 2024) (quoting *Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009)).

A substantive due process violation occurs when a state actor engages in behavior that "shocks the conscience." *Kerchen,* 100 F.4th at 763 (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 250 (6th Cir. 2003)). "The 'shocks the conscience' standard does not impose constitutional liability on all state actors who simply cause harm;" instead, "it 'sets a high bar' and only penalizes government actions that offend 'traditional ideas of fair play and decency' such that they violate the Constitution." *Id*. at 763-764.

First Amendment protections for public employees are narrower than private citizens because "'[g]overnment offices could not function if every employment decision became a constitutional matter[.]'" *Barton v. Neeley*, 114 F.4th 581, 588 (6th Cir. 2024) (quoting *Connick v. Myers*, 461 U.S. 138, 143 (1983); *Mayhew v. Town of Smyrna*, 856 F.3d 456, 462 (6th Cir. 2017)). Thus, "[p]ublic employees' statements made 'pursuant to their official duties,' rather than in their capacities as private citizens, are not protected by the First Amendment and therefore are subject to 'employer discipline.'" *Id*. (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)). A public employee who alleges First Amendment retaliation must show three

5

elements: 1) "the employee must speak on 'matters of public concern,'" 2) "the employee must speak as a private citizen and not as an employee pursuant to his official duties," and 3) "the employee must show that his speech interest outweighs 'the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.'" *Mayhew,* 856 F.3d at 462.

Here, Gischel cannot satisfy her burden to show that Auditor Cicak is not entitled to qualified immunity. Gischel has not pled a violation of the First Amendment. Gischel does not allege that her report of alleged unethical behavior was made as a private citizen. Indeed, the Complaint states that "*during her employment*, Ms. Gischel complained that Defendant Cicak improperly and unlawfully engaged in the performance of partisan political activities . . ." (and, her emailed complaint was sent from her Auditor's Office email address). (Compl. ¶¶39-40, emphasis added.) The Complaint is also devoid of any allegation to satisfy the third prong required to show retaliation by a public employee—that Gischel's speech outweighed the interest of the State, as an employer, in promoting the efficiency of the public services it performs. In response to Defendants' argument that Gischel had not pled a violation of the First Amendment because her speech was made as a public employee pursuant to her official duties (ECF No. 7, PageID 27-28), Gischel alleges the following legal conclusions in the Amended Complaint:

> 19. On or about September 30, 2022, Ms. Gischel reported what she reasonably believed to be "unethical behavior by an elected official" on the part of Auditor Cicak.
>
> 20. When Ms. Gischel, a public employee reported such unethical behavior she also engaged in free expression as a citizen on a matter of public concern.
>
> 21. When Ms. Gischel reported such unethical behavior, her speech was protected under the First Amendment of the Constitution of the United States and Article I, Section 11 of the Constitution of the State of Ohio.

(ECF No. 23, ¶¶19-21.) These legal conclusions are insufficient to rebut the arguments in Defendants' Motion to Dismiss and thus render the First Amended Complaint futile. *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) ("'[A] legal conclusion couched as a factual allegation' need not be accepted as true[.]"). Therefore, Gischel's speech as a public employee was not protected by the First Amendment and was subject to employer discipline, including Auditor Cicak's consideration to terminate her employment.

Likewise, Gischel cannot satisfy the "shock the conscience" standard for a substantive due process violation. Gischel merely alleges that she "reported what she believed to be 'unethical behavior by an elected official.'" (Compl. ¶¶19.) The conduct alleged was Auditor Cicak responding to a citizen inquiry and telling the citizen that they could file a public records request. Gischel alleges that because of her email Auditor Cicak made an inquiry to Human Resources about the ability to terminate Gischel's employment—but did not terminate Gischel—and that some of Gischel's duties were reassigned to another Auditor's Office employee. (Compl. ¶¶19, 22-24) Yet, Gischel pleads that she did not lose her job and continued to receive pay increases.(Compl. ¶34.) Accepting all these allegations as true, the alleged behavior does not at all "shock the conscience" or offend traditional ideas of fair play and decency. *See Kerchen,* 100 F.4th at 763 (explaining behavior that "shocks the conscience" is "'so brutal and so offensive to human dignity' that it violated the 'decencies of civilized conduct[.]'").

As to any procedural due process violation, Gischel cannot show that she was deprived of a protected interest. As explained below, because Gischel was never terminated from her

position, she has not suffered a deprivation of her due process rights. *See Harris v. Butler County*, No. 1:07CV069, 2008 U.S. Dist. LEXIS 86385, *19 (S.D. Ohio Sept. 3, 2008) (explaining "[a] public employee with a property interest in continued employment is deprived of that interest if she is constructively discharged or forced to resign.") Not only was Gischel not terminated, Gischel has received multiple pay increases during the relevant period. (Compl. ¶¶32, 34.) Accordingly, Count I should be dismissed because Gischel cannot overcome Auditor Cicak's qualified immunity.

### C. Count I Does Not Present a Live Controversy.

Standing under Article III requires a live, ongoing case or controversy. *Pettrey v. Enter. Title Agency*, 584 F.3d 701, 703 (6th Cir. 2009). If a case does not present a live controversy or the parties lack a legally cognizable interest in the outcome, the case is moot. *Id*. (quoting *UAW v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983)). When a plaintiff alleges that their employer attempted to terminate them—but did not terminate them—their claim does not present a live, justiciable controversy. *E.g., Simpson v. Health Care & Retirement Corp. of Am. Long Term Disability Ins. Plan*, No. 3:99CV7328, 2000 U.S. Dist. LEXIS 2445, *7-9 (N.D. Ohio Jan. 7, 2000) (finding that a plaintiff's ERISA claim, based on an attempt to terminate the plaintiff, was moot because there was no live controversy).

Here, the Complaint alleges that Auditor Cicak attempted to terminate Gischel (more than two years ago), but did not terminate Gischel and has not pursued her termination any further. (Compl. ¶¶23.) Indeed, Gischel's alleged due process violation is based on not receiving notice or hearing regarding Auditor Cicak's "attempted termination of her employment." (*Id*. at ¶41.) While Gischel may have a property right in her employment, she hasn't alleged that Defendants deprived her of that right, because she is still employed by

Auditor Cicak's office. Gischel even admits that the Defendants gave her pay increases in 2021 and 2022. (*Id.* at ¶¶15, 32.) Because there is no live controversy between Gischel and Auditor Cicak, Count I must be dismissed as moot.

**D.    The Two-Year Statute of Limitations Bars Count I.**

In Ohio, the statute of limitations for a claim under 42 U.S.C. §1983 is two years. *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)). Even if Gischel's §1983 claim could survive the litany of deficiencies described above, the claim is barred by the governing two-year statute of limitations. The Complaint alleges that Auditor Cicak attempted to terminate Gischel on October 6, 2022. (Compl. ¶20.) Thus, Gischel's claim expired two years later, on October 6, 2024. The Complaint was not filed until November 1, 2024. Accordingly, Count I is time-barred.

**E.    Gischel Has Not Pled a False Light Claim**.

A defendant is liable for the tort of false light if, "(1) 'the false light in which the other was placed would be highly offensive to the reasonable person,' and (2) 'the actor had knowledge or acted with reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.'" *Green v. Mason*, 504 F. Supp. 3d 813, 835 (S.D. Ohio 2020). There are only two scenarios when a defendant is liable for false light and not defamation: "'The first involves cases where the defendant reveals intimate and personal, but false, details of a plaintiff's private life .... The second category encompasses portrayals of the plaintiff in a more positive light than he deserves.'" *Id*. at 836 (quoting *Croce v. New York Times Co.*, 345 F. Supp. 3d 961, 994 (S.D. Ohio 2018)).

Moreover, a false light claim requires that "the information must be 'publicized,' which is different from 'published[.]'" *Id*. (quoting *Welling v. Weinfeld*, 866 N.E.2d 1051, 1057 (Ohio 2007)). "'Publicity ... means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" *Id*. (dismissing a false light claim based on the failure to allege publicity).

Gischel's false light claim suffers several flaws. Gischel does not allege publicity, as required for a false light claim. The First Amended Complaint contains a conclusory statement that Auditor Cicak made numerous statements to other elected officials, other City employees and staff members, and private citizens indicating that Gischel's job performance was deficient and that her criticisms of Auditor Cicak were unfounded. (ECF No. 23, ¶54.) Gischel still does not allege that Auditor Cicak's alleged statements were "'made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'" *Green v. Mason*, 504 F. Supp. 3d 813, 835 (S.D. Ohio 2020). Also, Gischel's claim does not fall into either of the two scenarios for a false-light claim to be brought separate from a defamation claim. *Id.* at 836. Moreover, the statements Gischel alleges Auditor Cicak made do not relate to intimate, personal details of Gischel's private life. *Id*. Instead, Gischel pleads vague allegations of statements that all relate to her job performance as a public employee. (ECF No. 23, ¶54.) Thus, Gischel still has not pled a claim for false light. Accordingly, Count II of the First Amended Complaint should also be dismissed.

## IV. Conclusion

For the reasons set forth above, Defendants respectfully move that the Court dismiss the Complaint in total, or alternatively, dismiss the City of Reynoldsburg as a defendant.

Respectfully submitted,

*/s/ Christopher W. Tackett*
Christopher W. Tackett (0087776)
Gary S. Batke (0030329)
**Bailey Cavalieri LLC**
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
Tel: (614) 229-3286
Fax: (614) 221-3155
Email: ctackett@baileycav.com
 gbatke@baileycav.com

*Counsel for Defendants Stephen M. Cicak, City Auditor and City of Reynoldsburg, Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a copy of the foregoing Motion to Dismiss was served via the Court's ECF system upon all counsel of record.

*/s/ Christopher W. Tackett*
Christopher W. Tackett (0087776)