IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lora J. Gischel,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-4124 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **City of Reynoldsburg, Ohio, et al.**, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | |

### PLAINTIFF LORA J. GISCHEL'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiff Lora J. Gischel ("Ms. Gischel"), by and through undersigned Counsel, respectively moves this Court for leave to file Plaintiff's Second Amended Complaint, a copy of which is attached hereto as Exhibit A.  Plaintiff now seeks leave to amend her Second Amended Complaint because Plaintiff received the Notice of Right to Sue Letter, allowing her to bring sex discrimination claims under Title VII and R.C. Chapter 4112. In addition, Plaintiff seeks leave to amend facts related to her original claims because new Trial Counsel has filed an appearance in the case, and because Defendants will suffer no prejudice--no depositions have been taken and there is still more than 5 months left to conduct discovery. Pursuant to S.D. Ohio Civ. R. 7.3(b), Counsel for Defendants is aware of the instant Motion and is opposed. The grounds in support of this Motion are set forth in the accompanying Memorandum in Support.

1

        Respectfully Submitted,

        *s/John S. Marshall*
        John S. Marshall (0015160)
        **Marshall Forman & Schlein**
        250 Civic Center Drive, Suite 480
        Columbus, Ohio 43215
        Telephone: (614) 463-9790
        Facsimile: (614) 463-9780
        Email: jmarshall@marshallforman.com
        *Trial Counsel for Plaintiff Lora J. Gischel*


        *s/Laren E. Knoll*
        Laren E. Knoll (0070594)
        **The Knoll Law Firm LLC**
        7240 Muirfield Drive, Suite 120
        Dublin, Ohio 43017
        Telephone: (614) 372-8890
        Facsimile: (614) 452-4850
        Email: lknoll@knolllaw.com
        *Co-Counsel for Plaintiff Lora J. Gischel*


## **MEMORANDUM IN SUPPORT**

### I. PROCEDURAL POSTURE

Ms. Gischel hereby incorporates the Procedural Posture set forth in Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, Part I, pp. 2-3, D. 14, PAGEID# 61-62, as if fully restated herein.

On April 1, 2025, the Court granted Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint. (2025.04.01 Order, D. 22, PAGEID# 106-111). On April 16, 2025, Defendants filed a Motion to Dismiss Amended Complaint. (2025.04.16 Mot. to Dismiss Amended Complaint, D. 25, PAGEID# 130-141). On April 28, 2025, Ms. Gischel filed Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (2025.04.28 Pl.'s Mem. Opp. Defendants' Mot. to Dismiss Pl.'s First Amended

Complaint, D. 26, PAGEID# 142-155). Defendants' Reply Memorandum was due May 5, 2025. (See 2025.04.01 Order, pp. 1, 6, D. 22, PAGEID# 106, 111).

As noted in the Procedural Posture in Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, Part I, p. 3, D. 14, PAGEID# 62, Plaintiff had not received the Notice of Right to Sue Letter from the Department of Justice ("DOJ") at the time of filing Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint. Since the inception of the initiation of the instant litigation, Defendants have been on notice of Plaintiff's Title VII claim. In Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, Plaintiff also advised this Court and Defendants that Plaintiff would seek leave to file a Second Amended Complaint upon receipt of the Notice of Right to Sue from the DOJ.

## II. NOTICE OF RIGHT TO SUE LETTER

On January 22, 2025, Ms. Gischel signed a Request for a Right to Sue Letter. (Hanselman Affidavit, ¶ 3, attached hereto as Exhibit A; 2025.01.22 Request for RTS Letter, attached to Hanselman Affidavit as Exhibit 1). On or about January 22, 2025, Attorney Lisa Nicole Hanselman, one of the attorneys representing Ms. Gischel, uploaded the Request for a Right to Sue Letter to the EEOC Public Portal. (Hanselman Affidavit, ¶¶ 2, 5). On or about February 12, 2025, the EEOC sent Plaintiff and Plaintiff's Counsel notice that the Request for the Right to Sue Letter had been forwarded to the Department of Justice ("DOJ"), and the DOJ would issue the Right to Sue Letter. (Hanselman Affidavit, ¶ 6; 2025.02.12 Notice, attached to Hanselman Affidavit as Exhibit 2).

On March 20, 2025, Attorney Hanselman left a voicemail for EEOC Investigator Benjamin Arnold asking if there was a contact at the DOJ to contact regarding the Right to Sue Letter. (Hanselman Affidavit, ¶ 8). On March 20, 2025, Attorney Hanselman followed up with an email

3

to EEOC Investigator Benjamin Arnold asking if there was a contact at the DOJ to contact regarding the Right to Sue Letter. (Hanselman Affidavit, ¶ 9; 2025.03.20-04.29 Email String, attached to Hanselman Affidavit as Exhibit 3). On March 21, 2025, EEOC Investigator Benjamin Arnold provided the name and email address of DOJ Attorney Karen Ferguson. (Hanselman Affidavit, ¶ 11; 2025.03.20-04.29 Email String, p. 3, Hanselman Affidavit Ex. 3).

On March 24, 2025, Attorney Hanselman emailed DOJ Attorney Karen Ferguson to request the Right to Sue Letter. (Hanselman Affidavit, ¶ 12; 2025.03.20-04.29 Email String, p. 3, Hanselman Affidavit Ex. 3). On March 27, 2025, Attorney Hanselman emailed EEOC Investigator Benjamin Arnold to request a telephone number for DOJ Attorney Karen Ferguson. (Hanselman Affidavit, ¶ 13; 2025.03.20-04.02 Email String, p. 1, attached to Hanselman Affidavit as Exhibit 4). On April 2, 2025, EEOC Investigator Benjamin Arnold emailed Attorney Hanselman the telephone number for DOJ Attorney Karen Ferguson. (Hanselman Affidavit, ¶ 15; 2025.03.20-04.02 Email String, p. 1, Hanselman Affidavit Ex. 4).

On April 2, 2025, Attorney Hanselman emailed DOJ Attorney Karen Ferguson to request the Right to Sue Letter. (Hanselman Affidavit, ¶ 16; 2025.03.20-04.29 Email String, pp. 2-3, Hanselman Affidavit Ex. 3). Attorney Hanselman also left a voicemail for DOJ Attorney Karen Ferguson on April 2, 2025. (Hanselman Affidavit, ¶ 17). On April 7, 2025, Attorney Hanselman left a voicemail for DOJ Attorney Karen Ferguson about the Right to Sue Letter. (Hanselman Affidavit, ¶ 18). Attorney Hanselman also emailed DOJ Attorney Karen Ferguson about the Right to Sue Letter on April 7, 2025. (Hanselman Affidavit, ¶ 19; 2025.03.20-04.29 Email String, p. 2, Hanselman Affidavit Ex. 3).

On April 15, 2025, Attorney Hanselman again emailed DOJ Attorney Karen Ferguson about the Right to Sue Letter. (Hanselman Affidavit, ¶ 20; 2025.03.20-04.29 Email String, p. 2,

4

Hanselman Affidavit Ex. 3). Attorney Hanselman also emailed EEOC Investigator Benjamin Arnold on April 15, 2025 asking if there was another contact person at the DOJ because DOJ Attorney Karen Ferguson had not responded to any of my emails or voicemails. (Hanselman Affidavit, ¶ 21; 2025.03.20-04.15 Email String, attached to Hanselman Affidavit as Exhibit 5). EEOC Investigator Benjamin Arnold provided an alternate email address to request the Right to Sue Letter. (Hanselman Affidavit, ¶ 23; 2025.03.20-04.15 Email String, p. 1, Hanselman Affidavit Ex. 5). On April 15, 2025, Attorney Hanselman emailed the alternate email provided by EEOC Investigator Benjamin Arnold to request the Right to Sue Letter. (Hanselman Affidavit, ¶ 24; 2025.04.15 Email, attached to Hanselman Affidavit as Exhibit 6).

On April 16, 2025, DOJ Attorney Jessica Weeks emailed EEOC Investigator Benjamin Arnold to request documents to process the Request to Right to Sue Letter. (Hanselman Affidavit, ¶ 26; 2025.03.20-04.29 Email String, pp. 1-2, Hanselman Affidavit Ex. 3). On April 28, 2025, Attorney Hanselman emailed DOJ Attorney Jessica Weeks and EEOC Investigator Benjamin Arnold to inquire about the status of the Right to Sue Letter. (Hanselman Affidavit, ¶ 27; 2025.03.20-04.29 Email String, p. 1, Hanselman Affidavit Ex. 3). On April 29, 2025, DOJ Attorney Jessica Weeks provided Plaintiff's Counsel with the Notice of Right to Sue Letter. (Hanselman Affidavit, ¶ 28; 2025.03.20-04.29 Email String, p. 1, Hanselman Affidavit Ex. 3; 2025.04.29 NRTS, attached to Hanselman Affidavit as Exhibit 7).

### III. LAW AND ARGUMENT

The Federal Rules of Civil Procedure allow any party to "amend its pleading once as a matter of course" if that amendment is filed "before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases" courts "should freely give leave [to amend] when justice so requires." However, that window of opportunity does not remain

5

open forever. Once a pleading deadline has passed, a plaintiff must meet the higher threshold for modifying a scheduling order found in Rule 16(b). *See Leary v. Daeschner,* 349 F.3d 888, 906-07 (6th Cir. 2003); *Norman v. RK Holdings, LLP*, No. 2:22-CV-3704, 2025 U.S. Dist. LEXIS 57367, at *13-14 (S.D. Ohio March 27, 2025). Pursuant to Rule 16, scheduling-order modifications are available "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This threshold requires late-moving plaintiffs show that "despite their diligence they could not meet the original deadline." *Leary,* 349 F.3d at 907. Furthermore, "[a]nother important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

In this case, according to the Court's January 13, 2025 Scheduling Order, any motion to amend the pleadings should have been filed by February 28, 2025. Plaintiff requested from the EEOC the Right to Sue on January 22, 2025. (Hanselman Affidavit, ¶¶ 3, 5). That would allow the EEOC more than one month to provide the Notice of Right to Sue to Plaintiff, which would be more than sufficient under normal circumstances. However, on or about February 12, 2025, the EEOC sent Plaintiff and Plaintiff's Counsel notice that the Request for the Right to Sue Letter had been forwarded to the DOJ, and the DOJ would issue the Right to Sue Letter. (Hanselman Affidavit, ¶ 6; 2025.02.12 Notice, Hanselman Affidavit as Ex. 2). Plaintiff waited for the DOJ to issue the Notice of Right to Sue, but the DOJ did not issue it. When it became apparent that the DOJ would not issue the Notice of Right to Sue Letter, as detailed above, beginning on March 20, 2025, Attorney Hanselman repeatedly contacted the EEOC and the DOJ to obtain the Notice of Right to Sue from the DOJ. (Hanselman Affidavit, ¶¶ 8-28; 2025.03.20-04.29 Email String, Hanselman Affidavit Ex. 3; 2025.03.20-04.02 Email String, Hanselman Affidavit Ex. 4;

2025.03.20-04.15 Email String, Hanselman Affidavit Ex. 5; 2025.04.15 Email, Hanselman Affidavit Ex. 6). Finally, on April 29, 2025, the DOJ issued the Notice of Right to Sue Letter. (Hanselman Affidavit, ¶ 28; 2025.04.29 NRTS, Hanselman Affidavit Ex. 7).

Because Ms. Gishel did not have the Notice of Right to Sue Letter, she was unable to bring her sex discrimination claims under Title VII and R.C. Chapter 4112 until now since the Notice of Right to Sue is a prerequisite. *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). Receipt of the Notice of Right to Sue Letter after the deadline for amending the complaint is good cause for amending the complaint after the deadline. See, e.g., *Gardenhire v. Ohio Dep't of Rehab.*, No. 1:17-CV-1955, 2019 U.S. Dist. LEXIS 249153, *3-4 (N.D. Ohio Oct. 24, 2019). Defendants will not suffer prejudice because they had notice of Ms. Gischel's pending Charge of Discrimination with the EEOC. Additionally, in Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint, filed prior to the deadline to file a motion to amend, Plaintiff advised Defendants and this Court that she intended to amend her complaint again upon receipt of the Notice of Right to Sue Letter. (Pl. Mot. for Leave to File Pl.'s First Amended Complaint, pp. 3, 4, D. 14, PAGEID# 62, 63). As such, Defendant is not prejudiced by Ms. Gischel bringing her Title VII and R.C. Chapter 4112 claims. In addition, Defendants served discovery on Plaintiff on March 17, 2025, attached hereto as Exhibit B, that includes interrogatories and requests related to Ms. Gischel's sex discrimination claims. In Interrogatories 13 and 14, Defendants requested Ms. Gischel to state all facts supporting her Title VII and R.C. Chapter 4112 claims. (Defendants' First Set of Discovery, p. 6, Ex. B). In addition, Defendants request any documents and communications between Ms. Gischel and the EEOC in Request No. 14. (Defendants' First Set of Discovery, p. 8, Ex. B). No depositions have been taken so Defendants are not prejudiced.

Ms. Gischel also seeks to amend by adding and clarifying certain facts related to her initial claims because Ms. Gischel has new Trial Counsel in this case. "[T]he retention of new counsel, without more, is insufficient to show good cause under Rule 16(b)." *Reed v. Home Depot U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 221001, *6 (S.D. Ohio May 15, 2017) (citing *Snyder v. Fleetwood RV, Inc.*, 2016 U.S. Dist. LEXIS 63446, 2016 WL 2837747, *4 (S.D. Ohio May 13, 2016)). "However, '[i]n determining whether good cause exists, the primary consideration is the moving party's diligence in attempting to meet the case management order's requirements.'" *Id.* (quoting *Commerce Benefits Group v. McKesson Corp.*, 326 Fed. Appx. 369, 377 (6th Cir. May 20, 2009) (internal quotations omitted)). "A party seeking to modify a scheduling Order need not show perfect diligence but can establish good cause when it can show that it has been reasonably diligent." *Id.* "However, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (quotation omitted). "Although the primary focus of the inquiry is whether the party seeking to amend was diligent, the presence or absence of prejudice to the [*7] non-moving party may be considered." *Id.* (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

Attorney John Marshall entered his Notice of Appearance on May 20, 2025. The Court granted the Motion to Withdraw as Counsel filed by Attorney Michael Moses on May 22, 2025. Within days of Attorney Marshall filing an appearance, Ms. Gischel filed the instant Motion for Leave to File Plaintiff's Second Amended Complaint. Defendants are not prejudiced because other than the sex discrimination claims based on the just-received Notices of Right to Sue, Ms. Gischel is not adding new claims and is only expounding on facts already in the First Amended Complaint. Discovery in this case is in the very early stages. Written discovery is well underway, but is not

8

completed. Defendants are free to serve additional written discovery. No depositions have been taken, and the discovery cutoff date is November 14, 2025, more than 5 ½ months away.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court to grant her Motion for Leave to File a Second Amended Complaint. A copy of the Second Amended Complaint has been lodged with the Court by attachment hereto as Exhibit A.

Respectfully Submitted,

*s/John S. Marshall*
John S. Marshall (0015160)
**Marshall Forman & Schlein**
250 Civic Center Drive, Suite 480
Columbus, Ohio 43215
Telephone: (614) 463-9790
Facsimile: (614) 463-9780
Email: jmarshall@marshallforman.com
*Trial Counsel for Plaintiff Lora J. Gischel*

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
**The Knoll Law Firm LLC**
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Telephone: (614) 372-8890
Facsimile: (614) 452-4850
Email: lknoll@knolllaw.com
*Co-Counsel for Plaintiff Lora J. Gischel*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this the 23rd day of May, 2025, the foregoing was filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system.

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
**The Knoll Law Firm LLC**
*Co-Counsel for Plaintiff Lora J. Gischel*
